UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT ALEXANDER SZILAGYI, JR., ) <br> ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CLARK COUNTY DETENTION ) <br> CENTER, *et al.*, ) <br> ) <br>     Defendants. ) <br> _____/ | 2:08-cv-0498-JCM-RJJ <br><br> **ORDER** |

Plaintiff has submitted a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*.

**I.      Application to Proceed *In Forma Pauperis* (Docket #4)**

Before the Court is plaintiff's application to proceed *in forma pauperis*. Based on the information regarding plaintiff's financial status, including any additional information plaintiff may have provided, the Court finds that plaintiff is not able to pay an initial installment payment towards the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments towards the full $350.00 filing fee when he has funds available.

**II.     Complaint States Cognizable Claims**

    **A. Plaintiff's Status as a Pretrial Detainee**

Plaintiff alleges that he has been subjected to unsafe living conditions and deliberate indifference to serious medical needs while incarcerated at the Clark County Detention Center.

1  Plaintiff alleges that he is a pretrial detainee, having not been convicted of a crime.  Throughout the
2  complaint, plaintiff alleges that the Clark County Detention Center violated his Eighth Amendment
3  right to be free from cruel and unusual punishment.  A pretrial detainee's right to be free from
4  punishment is grounded in the Due Process Clause, but courts borrow from Eighth Amendment
5  jurisprudence when analyzing the rights of pretrial detainees.  *See Gibson v. County of Washoe*, 290
6  F.3d 1175, 1187 (9th Cir. 2002); *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998); *Carnell v.*
7  *Grimm*, 74 F.3d 977, 979 (9th Cir. 1996); *Anderson v. County of Kern*, 45 F.3d 1310, 1312-13 (9th
8  Cir. 1995).

9        **B.  Unsafe Living Conditions**

10        Plaintiff alleges that during his confinement as a pretrial detainee, he has been
11  subjected to unfavorable living conditions at the Clark County Detention Center.  Specifically,
12  plaintiff alleges that he is forced to sleep on a temporary cot in a common area that is crowded and
13  unsanitary.  Plaintiff alleges that at times, his cot was placed where it directly blocked access to the
14  emergency exit door.  Plaintiff further alleges that he is not provided with a sanitary eating area.
15  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with
16  food, clothing, shelter, sanitation, medical care, and personal safety.  *Id.; Toussaint v. McCarthy*, 801
17  F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a
18  prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be
19  held liable only if they acted with "deliberate indifference to a substantial risk of serious harm."
20  *Frost v. Agnos*, 152 F.3d 1124, (9th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).
21  Plaintiff has alleged sufficient facts to state a cognizable claim for unconstitutional conditions of
22  confinement.

23        **C.  Deliberate Indifference to Medical Needs**

24        Plaintiff alleges that he has been diagnosed as a non-insulin dependent diabetic, and
25  that he must control his blood sugar through his diet.  Plaintiff alleges that he was originally placed
26  on a diabetic diet and evening snack, but that as of April 3, 2008, the diabetic diet was discontinued.

Plaintiff is now given a diet laden with sugar, which is inappropriate for his medical condition. Plaintiff complained to jail staff, but was told that he is not diabetic. Plaintiff asserts that no blood work was done to properly diagnose his diabetic condition. Plaintiff has alleged adequate facts to state a claim for deliberate indifference to medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

### D. Access to Courts

Plaintiff alleges that he has been denied the opportunity to attend the law library to conduct legal research during his pretrial confinement. "[T]he Fourteenth Amendment protects all pretrial detainees against governmental interference in their right of access to courts." *Hydrick v. Hunter*, 500 F.3d 978, 999-1000 (9th Cir. 2007) (citations omitted). The right of access to the courts includes not only the right to consult with defense counsel, but also to use available law library resources. *Id.* at 1000. Plaintiff states a cognizable claim for denial of access to the courts.

## IV.  Conclusion

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (Docket #4) without having to prepay the full filing fee is **GRANTED**; plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT FURTHER IS ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Robert Alexander Szilagyi, Inmate # 2677761** (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. If plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this order

1  to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box
2  7011, Carson City, NV 89702, indicating the amount that plaintiff has paid toward his filing fee, so
3  that funds may continue to be deducted from plaintiff's account.  The Clerk shall send a copy of this
4  order to the **CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.**
5  (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this
6  action.  The Clerk also shall send a copy of this order to the attention of **Albert G. Peralta, Chief of**
7  **Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

8        **IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise
9  unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the
10 Prisoner Litigation Reform Act of 1996.

11       **IT IS FURTHER ORDERED** that the Clerk of Court **SHALL FILE** the complaint
12 and that the complaint shall be served.

13       **IT IS FURTHER ORDERED** that the Clerk of Court shall file the complaint, issue
14 summons to the named defendants herein, and deliver same to the U.S. Marshal for service.  Plaintiff
15 shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-285.
16 Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285
17 showing whether service has been accomplished, plaintiff must file a notice with the Court
18 identifying which defendants were served and which were not served, if any.  If plaintiff wishes to
19 have service again attempted on an unserved defendant(s), then a motion must be filed with the
20 Court identifying the unserved defendant(s) and specifying a more detailed name and/or address for
21 said defendant(s), or whether some other manner of service should be attempted.

22       **IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants
23 or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion
24 or other document submitted for consideration by the court.  Plaintiff shall include with the original
25 paper submitted for filing a certificate stating the date that a true and correct copy of the document
26 was mailed to the defendants or counsel for the defendants.  The court may disregard any paper

received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

DATED this  10th  day of  June , 2008.

*Robert J. Johnston*
UNITED STATES MAGISTRATE JUDGE